UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

MICHAEL A. DURAND                            Case No. 13-33955-dof
and LAURA K. DURAND,                    Chapter 13 Proceeding
         Debtors.                                   Hon. Daniel S. Opperman
_____/

OPINION REGARDING APPLICATION
FOR COMPENSATION OF COUNSEL FOR DEBTOR

Debtors' counsel, Marrs & Terry, PLLC, seeks compensation of $1,527.50 for attorney fees and $68.64 for expenses. The Chapter 13 Trustee, Carl Bekofske, objects, noting that this Second Application, if granted, would award a total of $6,029.11 to Debtors' counsel and that the instant case is not so complex to warrant such an award. Also, the Trustee objects to the following time entries as excessive and unreasonable under 11 U.S.C. § 330(a):

03/13/2014    MM                                                    .10     $25.00
                Review email from client, respond to same re: confirmation of plan
                and plan payment

04/16/2014    MM                                                    .30     $75.00
                Review email from client, review 2013 income tax return, compare
                to Schedule I, email to client re: same and request updated paystubs

04/17/2014    MM                                                    .20     $50.00
                Review email from client re: income and plan payoff, calculate same,
                email to client and note file

04/17/2014    TT                                                      1.0     $250.00
                Review trustee's report on timely filed claims. Review PACER
                register, trustee records and schedules. Email to HOA attorneys re:
                status of dues. Review funding after claims bar date. Note file.

04/29/2014    MM                                                    .20     $50.00
                Review of email from client re: possible new job, review plan,
                respond to email

04/30/2014    MM                                                    .20     $50.00

1

Review email from client re: possible changes to income and expenses, respond to same, review client email

| | | | | |
|---|---|---|---|---|
| 05/19/2014 | TT | | .30 | $75.00 |

Review of Livingston County Treasurer claim re: 2013 property taxes. Review notes and funding.

| | | | | |
|---|---|---|---|---|
| 06/04/2014 | MM | | .30 | $75.00 |

Review changes to income of wife, amend Schedule I, email to clients re: budget and plan payments, review email from client, respond to same

| | | | | |
|---|---|---|---|---|
| 06/05/2014 | MM | | .20 | $50.00 |

Review email and revisions to Schedule I and J, amend same and email to client re: plan payments

| | | | | |
|---|---|---|---|---|
| 06/06/2014 | MM | | .30 | $75.00 |

Review paystubs of Mike and email from client re: changes to include and budget, revise Schedule I, compare to previous, email to client re: same, review email from client re: deductions, respond to same

| | | | | |
|---|---|---|---|---|
| 06/08/2014 | MM | | .30 | $75.00 |

Review updated paystub for Michael, review email from client re: potential bonus, review trustee records for plan options, email to client re: same and approval for and I and J and plan modifications

The Trustee also objects to the April 17, 2014, entry of 1.0 hour as partly duplicative.

At the oral argument regarding the instant Application, Debtors' counsel agreed the expenses should be reduced to $47.84. The Trustee has not argued that the hourly rate in this Fee Application is inappropriate.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## APPLICABLE LAW

11 U.S.C. § 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(4) prohibits the Court from allowing compensation for:

> (i) unnecessary duplication of services; or
> (ii) services that were not–
> (I) reasonably likely to benefit the debtor's estate; or
> (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

Per *Boddy*, a "court can legitimately take into account the typical compensation that is adequate for attorney fees in Chapter 13 cases, as long as it expressly discusses these factors in light of the reasonable hours actually worked and a reasonable hourly rate."

*Id.*

The professional requesting compensation has the burden of proof regarding the application for compensation. *In re Sharp*, 367 B.R. 582, 585 (Bankr. E.D. Mich. 2007); *In re New Boston Coke Corp.*, 299 B.R. 432 (Bankr. E.D. Mich. 2003).

## ANALYSIS

The Trustee did not object to the Applicant's hourly rate, so the first *Boddy* variable is not in issue. What remains is an analysis of each time entry and whether the requested fees are adequate.

The Trustee's first objection is that certain time entries from March 13, 2014, to June 8, 2014, totaling 2.1 hours is excessive because the Debtors and their counsel communicated by email. As argued by the Trustee at the September 16, 2014, hearing, a preferred method is to schedule and have a face-to-face meeting, which eliminates churning and gets the individuals to focus on the issue. While such meetings may produce this result and avoid additional cost, it is impossible to state that result would occur in the instant case. What is known is that as early as March 2014, and certainly by April 2014, the Debtors were experiencing a change in their income and expenses. By

4

June 2014, sufficient information was obtained to amend Schedules I and J and modify the Plan. Taking the Trustee's objection at its full face value, certainly one meeting would be required, and possibly two or three total meetings. Under this method, a meeting was required in April 2014, to explore the problem, another in June to finalize the approach to the problem, and a third to complete the necessary Schedules and Plan modification, no time is saved because each meeting, with preparation time, would likely take .7 hours. If a combination of fewer face-to-face meetings with emails is considered, the Court is still hard pressed to see a significant time savings, or, stated differently, to find that the email approach taken by Debtors' counsel is unreasonable and excessive.

The Trustee's second objection questions the services of April 17, 2014. By way of background, Debtors' counsel was compensated for a review of all Proofs of Claim in its First Fee Application. In April 2014, counsel received the Trustee's report of claims, reviewed the Schedules, and verified all claims. Since counsel already reviewed the claims, these services are duplicative. The remaining services, however, are necessary and reasonable and should be compensated. Accordingly, the Court will allow .5 hours and disallow .5 hours for the April 17, 2014, services.

Finally, the Trustee objects to the review of the Livingston County Treasurer claim in the amount of $1,308.94, which is close to the $1,200.00 stated on the Debtors' Schedules. The Trustee claims this time is excessive because of the $108.94 difference between claim amounts. At first blush, this is correct, but an examination of later pleadings filed with the Court reveals that Debtors' counsel objected to the entire claim because the mortgage company escrow servicer was to pay the taxes, not the Trustee. The Court sustained the Debtors' Objection on September 10, 2014, so these services, which were necessary to note the need to object to the claim, are appropriate.

As a result, the Court reduces the fees applied for by $125.00 (.5 hours x $250.00 per hour) and awards $1,602.50 for attorney fees and expenses of $47.84.

Counsel for the Debtors is directed to prepare an Order consistent with this Opinion and the presentment rules of this Court.

Not for Publication

**Signed on October 09, 2014**

                                            **/s/ Daniel S. Opperman**
                                            **Daniel S. Opperman**
                                            **United States Bankruptcy Judge**